[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 12, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10820
Non-Argument Calendar

_____

D. C. Docket No. 07-00180-CR-WKW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOBBY LEE JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(September 12, 2008)

Before BIRCH, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Bobby Lee Johnson appeals the 33-month sentence imposed after he pled guilty to possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g). Johnson argues that his sentence was unreasonable, as the district court cited erroneous facts, relied exclusively on Johnson's criminal history, and imposed a sentence that was greater than necessary. For the reasons set forth below, we affirm.

**I.**

Before Johnson's sentencing hearing, a probation officer prepared a presentence investigation report ("PSI"). The probation officer explained that a city police officer, responding to a call that a black male was walking around a local subsidized housing development with a rifle in his hand, saw Johnson walking with a "short rifle" in his hand. When Johnson saw the police officer, he walked between two nearby buildings and put the firearm into a trash can. After the police officer apprehended Johnson, he found within the trash can a rifle with a "sawed-off stock." Johnson informed the police officer that he put the firearm in the trash can because he did not want the police officer to shoot him and because he previously had been convicted of a felony.

Based on this offense conduct, the probation officer calculated a total offense level of 12 and set Johnson's criminal history category at V. Regarding

Johnson's criminal history, the probation officer explained that Johnson had been sentenced to five years' imprisonment for breaking and entering a motor vehicle, one year's imprisonment for possession of a short-barreled shotgun, five years' imprisonment for receiving stolen property, 30 days' imprisonment for promoting prison contraband, and 90 days' imprisonment for indecent exposure, and had his parole or probation revoked on three occasions in connection with these offense. With a total offense level of 12 and a criminal history category of V, Johnson's guideline imprisonment range was 27 to 33 months. Johnson's offense carried a statutory maximum of ten years' imprisonment, pursuant to 18 U.S.C. § 924(a)(2).

At Johnson's sentencing hearing, Johnson argued that a sentence at the low end of the guideline imprisonment range would suffice. Specifically, Johnson argued that he did not deserve a higher sentence because there was no evidence that he intended to use the firearm, the firearm was not stolen, and Johnson had not obliterated the firearm's serial number. The district court disagreed, stating,

> I'm looking at two probation–three probation revocations. I'm looking at a guy walking through Trenholm Court, which is a place where people who can't afford to live anywhere else have to live, and because of defendants like this they have to live in fear who, because of people walking around with guns, babies are shot. I see a guy who has put a good deal of prison time in.[1]

---

[1] These statements were made in connection with the district court's rejection of Johnson's written plea agreement. Per the terms of this plea agreement, "[t]he government agree[d] with [Johnson] to a sentence at the low end of the applicable Guidelines Range, as

3

The district court then acknowledged that it had considered the guideline imprisonment range, Johnson's arguments in mitigation, and the factors set out in 18 U.S.C. § 3553(a). Indeed, the district court listed these factors. The district court sentenced Johnson to 33 months' imprisonment, the high end of the range. The district court explained that it found this sentence sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing and other considerations. Johnson objected that a 27-month sentence would have been sufficient under § 3553(a)(2).

## II.

As an initial matter, although Johnson, in his appellate brief, explains that his attempt to plead guilty with the aid of a written plea agreement was rejected by the district court and states in closing that the district court should not have rejected his plea agreement, Johnson has abandoned any claim that the district court's rejection of the plea agreement was error. We have held that "a party seeking to raise a claim or issue on appeal must plainly and prominently so indicate" and must "devote[] a discrete section of his argument to [that] claim[]," or else abandon the claim. United States v. Jernigan, 341 F.3d 1273, 1284 n.8

---

calculated by the Court." The district court rejected the plea agreement "[b]ecause of the agreement to bind the [district court] to sentence [Johnson] at the low end of the guideline range," and Johnson argued that a sentence at the low end was appropriate. During the actual sentencing portion of his sentencing hearing, Johnson relied on this argument in mitigation.

(11th Cir. 2003). Johnson did not introduce the matter in his statement of issues or elsewhere and did not provide any legal citation or argument on the matter, and therefore abandoned the claim. See id. Moreover, as Johnson does not challenge the voluntariness of his guilty plea or the district court's guideline-imprisonment-range calculations, it appears that correction of the district court's alleged error would not affect Johnson's ultimate sentence. Accordingly, we will not address this matter.

## III.

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the sentencing court first must correctly calculate the guideline imprisonment range and then must treat that range as advisory and impose a reasonable sentence. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Specifically, the district court must impose a sentence that is both procedurally and substantively reasonable. United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006); Gall v. United States, 552 U.S. __, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). The Supreme Court has held that the reasonableness of a sentence is reviewed under an abuse-of-discretion standard. Gall, 552 U.S. at __, 128 S.Ct. at 597. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable." United States

v. Talley, 431 F.3d 784,788 (11th Cir. 2005).

The Supreme Court has explained that a sentence may be procedurally unreasonable if the district court improperly calculates the guideline imprisonment range, treats the Guidelines as mandatory, fails to consider the appropriate statutory factors, bases the sentence on clearly erroneous facts, or fails to adequately explain its reasoning. Gall, 552 U.S. at __, 128 S.Ct. at 597. The Supreme Court also has explained that review for substantive reasonableness involves inquiring whether the statutory factors in § 3553(a) support the sentence in question. Gall, 552 U.S. at __, 128 S.Ct. at 598-99. Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing listed in § 3553(a)(2), namely reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, deterring criminal conduct, protecting the public from future criminal conduct by the defendant, and providing the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). The statute also instructs the sentencing court to consider certain factors, including the nature and circumstances of the offense and the history and characteristics of the defendant. See 18 U.S.C. § 3553(a)(1).

In considering the § 3553(a) factors and explaining the reasoning behind its

choice of sentence, the district court need not discuss or state that it has explicitly considered each factor of § 3553(a). Talley, 431 F.3d at 786. Rather, even a brief explanation of its reasoning, coupled with a clear consideration of the parties' arguments, will suffice. See Rita v. United States, 551 U.S. __, 127 S.Ct. 2456, 2469, 168 L.Ed.2d 203 (2007).

## IV.

The district court did not impose an unreasonable sentence. See Talley, 431 F.3d at 786. Although Johnson argues to the contrary, the district court did not base its sentence on unproven facts, namely that Johnson put others in fear or contributed to the death or injury of children. Rather, the district court explained that it was not inclined to sentence Johnson at the low end of the guideline imprisonment range because of the societal impact that behavior such as his had and could have. Indeed, the district court specifically stated that "defendants" such as Johnson had impacted society in these ways, and did not state that Johnson himself had. Therefore, the district court's sentence was not procedurally unreasonable in the manner alleged. See Gall, 552 U.S. at __, 128 S.Ct. at 597.

Also, although Johnson argues to the contrary, the district court did not fail to consider the relevant § 3553(a) factors. Rather, the district court listed the § 3553(a) factors and acknowledged that it had considered them, along with the

Sentencing Guidelines and Johnson's arguments.  While the district court was most influenced by Johnson's history and characteristics and the nature of his offense, and the need to protect the public from the consequences of such offenses, it was not an abuse of discretion to be especially influenced by these factors.  See id.;  18 U.S.C. § 3553(a)(1), (2).  Therefore, the district court's sentence was not substantively unreasonable in the manner alleged.  See Gall, 552 U.S. at __, 128 S.Ct. at 598-99.  Accordingly, we affirm.

**AFFIRMED.**